IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Criminal No. 4:05-191-RBH-2 |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Cynthia Lynn Hood | ) | |
| | ) | |

This matter is before the court on the defendant's pro se motion to modify or reduce her sentence, which was filed on June 19, 2006. This court previously sentenced the defendant on December 15, 2005 to a term of imprisonment of thirty-seven (37) months and the judgment was entered accordingly on January 9, 2006. In the present motion, the defendant requests that the court reduce her sentence to home detention without electronic monitoring. The defendant cites her chronic health care issues and the overcrowding of federal prisons in support of her request for reduction of her sentence, however, she does not cite any legal authority.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment is generally considered a final judgment for all purposes. There are however, very limited circumstances set forth in 18 U.S.C. § 3582(c), which allow a court to modify a term of imprisonment. Those limited circumstances only allow a court to modify a term of imprisonment if: (1) there is a motion by the Director of the Bureau of Prisons and (a) the court finds that extraordinary and compelling reasons warrant a reduction, or (b) the defendant is at least 70 years of age and has served 30 years in prison; (2) pursuant to Rule 35 of the Federal Rules of Criminal Procedure; or (3) the defendant has been sentenced based on a sentence range that has been subsequently lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c).

In this case, the Director of the Bureau of Prisons has not filed any motions. Likewise, Rule 35 allows for correction of sentence if: (1) the sentence was imposed in violation of the law; or (2) upon motion of the government. The government has not filed a motion, and the court finds that the sentence was not in violation of the law. Furthermore, the defendant's sentencing range has not been lowered by the Sentencing Commission.

For the reasons stated above, the court finds that the defendant has not set forth a sufficient basis to warrant a modification or reduction in her sentence, and therefore, the motion [Entry # 55] is hereby **DENIED**. Additionally, the court will also note that pursuant to the Fourth Circuit's holding in United States v. Fraley, 988 F.2d 4 (4th Cir. 1993), it appears to lack authority to change the defendant's sentence under the circumstances set forth in her motion.

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

July 14, 2006
Florence, South Carolina